UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM M. ASPRODITES | CIVIL ACTION |
| VERSUS | NO: 07-6408 |
| AAA INSURANCE COMPANY, ET AL. | SECTION: "N" (4) |

**ORDER**

Before the Court is an unopposed **Motion to Fix Attorney Fees (R. Doc. 13)**, filed by Defendant, Auto Club Family Insurance Company ("Auto Club") in compliance with the Court's Order (R. Doc. 12) which granted as unopposed Auto Club's Motion To Compel Discovery (R. Doc. 9) and awarded attorneys' fees. The motion was heard on September 3, 2008 without oral argument.

**I.    Factual Summary**

The Plaintiff, William Asprodites ("Asprodites"), failed to respond to Auto Club's written discovery requests. (R. Doc. 9). As a result, Auto Club filed a Motion To Compel Discovery, wherein it sought the award of reasonable attorney's fees incurred in associated with the motion. On August 18, 2008, the undersigned awarded Auto Club attorney's fees and costs in connection with its earlier filed Motion to Compel. (R. Doc. 12). Accordingly, Auto Club now seeks an award of $607.00 in attorney's fees and costs.

**II.    Standard of Review**

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting

point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[1]. The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

**III.   Analysis**

    **A.   Calculating a Reasonable Hourly Rate**

The fee application submitted by Auto Club seeks to recover fees for services rendered by Brad M. LaComb ("LaComb") in connection with an earlier filed Motion to Compel. In his affidavit, Mr. LaComb attests that he has been practicing law for two years and that his hourly rate is $135.00.

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n. 11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n. 15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power and Light*, 50 F.3d at 328.

The Court finds that Mr. LaComb's hourly rate of $135.00 is reasonable, given his years of experience in the profession. LaComb is a 2005 graduate of Louisiana State University ("LSU") Law School. Since graduation, he has been employed as an associate with the law firm of Chopin, Wagar, Richard & Kutcher. *See Davis v. Am. Sec. Ins. Co.*, Civ. A. 07-1141, 2008 WL 12228896 (E.D. La. May 28, 2008) (Roby, J.) (awarding hourly rate of $125.00 for an attorney with one (1) year of legal experience); *Creecy v. Metro. Prop. and Cas. Ins. Co.*, Civ. A. 06-9307, 2008 WL 553178, at *3 (E.D. La. Feb. 28, 2008) (Roby, J.) (awarding a $175.00 an hour to a lawyer who had practiced law for five (5) years and $200.00 an hour to an attorney with eleven (11) years of experience); *Drs. Le and Mui, Family Med. v. St. Paul Travelers*, Civ. A. 06-10015, 2007 WL 4547491, at *2-3 (E.D. La. Dec. 19, 2007) (Roby, J) (awarding hourly rates of $175.00 to an attorney with seven (7) years of legal experience and $200.00 for an attorney with eleven (11) years of experience). Therefore, after reviewing the prevailing market rates for legal services in this area, the Court concludes that a rate of $135.00 is an appropriate and reasonable rate for LaComb

**B.     Determining the Reasonable Hours Expended**

Auto Club contends that LaComb spent a total of 4.5 hours working on the motion to compel and the motion for attorney's fees. The Court finds that the time allocated for both motions is reasonable. The Court therefore finds that the sum of $607.50 is a reasonable fee for both the motion to compel and the motion for attorney's fees.[2]

**C.     Adjusting the Lodestar**

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway*

---

[2] The reasonable attorney's fee was determined by multiplying Lacomb's hourly rate of $135,00 by the 4.5 hours spent on the motions.

*Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here. Having considered each of the lodestar factors in this matter, the Court finds that an adjustment upward is not warranted.

### III.  Conclusion

Accordingly,

**IT IS ORDERED** that Auto Club Family Insurance Company's **Motion to Fix Attorney Fees (R. Doc. 13)** is hereby **GRANTED**. The Court finds that a total fee of **$607.50** is reasonable in the matter here.

**IT IS FURTHER ORDERED** that William M. Asprodites shall satisfy his obligation to Auto Club no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this 12th day of January 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**